Objections to the admission of evidence cannot be reviewed, where no bill of exceptions reserved thereto is preserved in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

2. CRIMINAL LAW (§ 1088*)—APPEAL—REQUESTED CHARGE—REFUSAL.

Where requested charges are not copied in the transcript, the refusal thereof cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2676, 2746–2751, 2757, 2766, 2782–2802, 2899; Dec. Dig. § 1088.*]

3. CRIMINAL LAW (§ 1129*)—APPEAL—ASSIGNMENTS OF ERROR.

An assignment that the court erred in its general charge in failing to charge the law applicable to the case was too general to present anything for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. § 1129.*]

Appeal from District Court, Hays County; H. G. Henne, Special Judge.

Leopoldo Cruz was convicted of pursuing the business of selling intoxicating liquors in a prohibition county, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted for pursuing the occupation or business of selling intoxicating liquors in Hays county after prohibition had been adopted, was convicted, and sentenced to the penitentiary for a term of two years.

[1, 2] Nearly all the grounds in the motion for new trial relate to admitting testimony. As no bills of exception were reserved, at least none being in the record, we cannot review these matters. Neither are there any special charges in the record. If any were requested, they were not copied in the transcript. Consequently we cannot say whether any of them should have been given or not.

[3] Such complaints as "The court erred in its general charge, in failing to charge the law applicable to the case," are too general to bring anything before us for review. The court submitted the offense charged in the indictment. Quintana v. State, 29 Tex. App. 401, 16 S. W. 258, 25 Am. St. Rep. 730. In the condition of the record, there is no error pointed out in the motion for new trial that should cause the reversal of the case.

The judgment is affirmed.

---

QUETO v. STATE.

(Court of Criminal Appeals of Texas. June 12, 1912.)

CRIMINAL LAW (§ 1090*)—APPEAL—REVIEW OF EVIDENCE.

An objection that the evidence was insufficient to support a conviction, and an objection to rulings on the evidence, cannot be reviewed, in the absence of a statement of facts or bills of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Enreiquo Queto was convicted of theft from the person, and he appeals. Affirmed.

C. E. Lane, Asst. Atty Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft from the person; his punishment being assessed at two years' confinement in the penitentiary.

The record is before us without a statement of facts or bills of exception. In the absence of the evidence, we are unable to review the attack on the conviction for want of sufficient testimony, and the rulings of the court with reference to the evidence. The charge of the court is sufficient, in the absence of the testimony, in the application

of the law to the facts, or what the facts could have been under the allegations in the indictment.

The judgment is affirmed.